NOT DESIGNATED FOR PUBLICATION

No. 128,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE D. DUNERWAY JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Defendant Jesse D. Dunerway Jr. appeals the Sedgwick County District Court's denial of his motion to correct an illegal sentence under K.S.A. 22-3504. Dunerway contends the district court lacked subject matter jurisdiction over this case and personal jurisdiction over him because he is actually innocent of the crimes he has been convicted of. So he says the sentences imposed on him are illegal. The legal premises underlying the motion are sufficiently flawed that the district court correctly denied Dunerway any relief, and we affirm that ruling.

1

A jury convicted Dunerway of two counts of aggravated battery and one count each of aggravated burglary, criminal threat, and aggravated kidnapping in a 2013 trial. The aggravated battery convictions stemmed from separate incidents with different victims. Dunerway received a controlling prison sentence of 554 months. We affirmed Dunerway's convictions and sentences on direct appeal, and the Kansas Supreme Court denied review. *State v. Dunerway*, No. 111,457, 2015 WL 5224703, at *1-2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2016). That opinion describes the two incidents; those details are unnecessary to our resolution of this appeal. Since the conclusion of his direct appeal, Dunerway has filed multiple motions for habeas corpus relief under K.S.A. 60-1507 and one unsuccessful motion to correct an illegal sentence that reached our court. See *Dunerway v. State*, No. 127,766, 2026 WL 483181, at *1 (Kan. App. 2026) (unpublished opinion) (denial of second 60-1507 motion affirmed in part and remanded in part for evidentiary hearing); *State v. Dunerway*, No. 125,680, 2024 WL 3874036, at *1 (Kan. App. 2024) (unpublished opinion) (affirming denial of motion to correct illegal sentence).

In this motion to correct an illegal sentence, Dunerway contends he has shown he is actually innocent and thus the district court lacked jurisdiction to convict him as a matter of law. But he is mistaken in both respects. The district court denied the motion without appointing a lawyer for Dunerway or holding a hearing.

The procedural posture of the appeal is confusing. Dunerway filed his motion in early November 2022, and the district court denied it later that month. Dunerway timely filed a notice of appeal under the prison mailbox rule. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015) (prisoner's self-drafted legal documents considered filed when given to prison authorities for delivery to appropriate court). But Dunerway never filed a docketing statement, so he did not perfect his appeal. In September 2024, he filed a request in the district court for a hearing on his motion, apparently overlooking the earlier denial and his notice of appeal. The district court denied the request. Dunerway timely

filed a notice of appeal from that ruling and duly perfected the appeal. Under the circumstances, we address the merits of Dunerway's motion to correct an illegal sentence.

Under K.S.A. 22-3504(c)(1), a sentence is illegal if it: (1) is imposed by a court without jurisdiction; (2) fails to conform to the governing statutes "in character or punishment"; or (3) ambiguously states "the time and manner" it is to be served. An illegal sentence may be corrected at any time. K.S.A. 22-3504(a). Dunerway attempts to bring his claim under the first definition of an illegal sentence.

To that end, Dunerway submitted to the district court affidavits from Christopher Davis and Isaac Horn to support his claim of actual innocence in the incident that produced the convictions for aggravated kidnapping, aggravated burglary, criminal threat, and one of the aggravated battery charges.

In his affidavit, Davis stated he saw part of the incident and called 911. He told a police officer he did not know the perpetrator. According to the affidavit, Davis never identified the individual to investigators and did not give them Dunerway's name. Davis stated he later met Dunerway when they both were inmates in the same prison and Dunerway was not the person he saw. Davis' affidavit does not prove Dunerway is actually innocent, and it would not be admissible at an evidentiary hearing for that purpose. Davis would have to appear as a witness, testify under oath, and face cross-examination. See *Moore v. Moore*, 56 Kan. App. 2d 301, 320, 429 P.3d 607 (2018) (affidavits typically inadmissible at evidentiary hearing because affiant not present and available for cross-examination). Even then, the factfinder would have to weigh the credibility of his account against the countervailing evidence of Dunerway's guilt.

Horn's affidavit is further afield. He stated that the victim of the aggravated kidnapping (and the related aggravated battery and criminal threat convictions) recanted

3

to him after the trial and identified someone other than Dunerway as the perpetrator. The recantation is itself hearsay, and Horn's affidavit adds another layer of hearsay.

Given the disposition of the motion in the district court and the record on appeal, the affidavits do not establish that Dunerway is actually innocent. But even if they did, Dunerway's actual innocence—as shown in 2022—would not have deprived the district court of jurisdiction to try him or to sentence him upon conviction some nine years earlier.

First, Dunerway's attack really focuses on his convictions, not the sentences he received. A motion to correct an illegal sentence cannot be used as a device to attack the validity of a conviction. A defendant must do so in a direct appeal or in a collateral attack through K.S.A. 60-1507. See, e.g., *State v. Deck*, 317 Kan. 101, 106-07, 525 P.3d 329 (2023); *State v. Valdez*, 314 Kan. 310, 313, 498 P.3d 179 (2021); *State v. Cotton*, 306 Kan. 156, 159-60, 392 P.3d 116 (2017). So Dunerway's motion fails for that reason alone. And Dunerway has demonstrated that he knows how to file for relief under K.S.A. 60-1507. We need not recast this motion into something other than what he intended it to be.

More broadly, however, the actual innocence of a criminal defendant does not deprive the district court of subject matter over the charges or personal jurisdiction over the defendant. Subject matter jurisdiction refers to a court's authority to hear a particular type of case. That authority encompasses both civil and criminal cases for district courts and derives from the Kansas Constitution, article 3, sections 1 and 6 and the statutory grant in K.S.A. 20-301. See *State v. Barnes*, 320 Kan. 147, 156-57, 563 P.3d 1255 (2025). Subject matter extends to criminal cases and collateral proceedings whether the accused is guilty or innocent.

Personal jurisdiction over criminal defendants arises when government agents arrest them and take them into custody, establishing their physical presence in the state. *Barnes*, 320 Kan. at 156. Even an unlawful arrest will not upend personal jurisdiction over a criminal defendant. See *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039, 104 S. Ct. 3479, 82 L. Ed. 2d 778 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (noting "the established rule that illegal detention or arrest does not void a subsequent conviction"). By parity of reasoning, a defendant's actual innocence does not deprive a district court of personal jurisdiction. If a district court were to find a defendant to be actually innocent, it commonly could then consider setting aside any convictions and vacating the resulting sentences for grounds warranting relief under K.S.A. 60-1507, despite a procedural bar based on untimeliness or successiveness. See *Beauclair v. State*, 308 Kan. 284, 303-04, 419 P.3d 1180 (2018) (under K.S.A. 60-1507, proved claim of actual innocence furnishes basis for avoiding one-year time limit for filing motion and prohibition of successive motions). But see *Woods v. State*, 52 Kan. App. 2d 958, 967-68, 379 P.3d 1134 (2016) (voluntary, counseled plea of guilty precludes review of conviction and sentence under K.S.A. 60-1507 notwithstanding colorable claim of actual innocence). And the district court should do so precisely because the defendant has established their innocence coupled with circumstances undermining judicial confidence in the outcome of the underlying trial and not because it lacks personal jurisdiction over the defendant.

Dunerway has failed to show the district court erred in denying his motion to correct an illegal sentence.

Affirmed.